## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

AUG 0 1 2025

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

**PAULA FISHER,**
Plaintiff,

v.

**EVERETT FINANCIAL, INC. d/b/a SUPREME LENDING;**
**ALLIANT CREDIT UNION;**
**CENLAR FSB;**
**PADGETT LAW GROUP;**
**ALEC HAYES**, individually and in his capacity as attorney for Alliant Credit Union and Cenlar FSB,
Defendants.

**CIVIL ACTION NO.: 1:25-cv-01034-VMC**

## PLAINTIFF'S NOTICE OF SEPARATE CASE ACTIVITY

## INVOLVING PRIOR FEDERAL INJUNCTION

COMES NOW Plaintiff Paula Fisher and respectfully submits this Notice of

Separate Case Activity involving the prior federal injunction issued on December

27, 2023, in **Case No. 1:23-cv-05959-VMC Fisher v. Everett Financial, INC. et**

**al** (the "TRO Case"), to preserve judicial clarity, uphold judicial efficiency, and

correct the record in light of recent mischaracterizations made by Defendants in

this action.

1

Plaintiff files this Notice to inform the Court and all parties that on July 28, 2025, she moved to reopen the TRO Case after being provided concrete evidence—including internal bid sheets and REO documentation directly from Alliant Credit Union themselves—confirming that a foreclosure sale occurred on January 2, 2024, in direct violation of the Court's December 27, 2023 injunction.

Contrary to what Defendants have recently argued in Dkt. 62 and Dkt. 65—that Plaintiff is improperly expanding this case or asserting "new claims"—Plaintiff has taken great care to ensure the alleged violation of the TRO is addressed only in the case where the order was issued. Plaintiff does not seek to merge the two matters, nor to burden this Court with overlapping litigation. Rather, Plaintiff acted in the spirit of discretion and respect for the judicial process by keeping the issues **properly delineated**.

On July 7, 2025, prior to seeking any judicial relief, Plaintiff reached out to defense counsel Mark Windham via email in good faith, respectfully expressing concern about the newly discovered evidence and offering the opportunity to address the matter before court intervention. It was ignored. Shortly thereafter, Plaintiff was met with misleading filings portraying the stay order as applicable to all Defendants—including those not covered by it—and now faces repeated

2

allegations of harassment and misconduct for merely seeking truth and clarity through proper channels.

Despite the attacks, Plaintiff has made every effort to preserve the dignity of the proceedings. She has not sought retaliation. **She prayed heavily over the decision to reopen the TRO case** and delayed taking action for weeks, deeply aware of the seriousness of a potential injunction violation and the legal consequences it may have for all parties involved. [1]

Plaintiff further reiterates that she **has not asserted new claims** in this case, as falsely alleged by Defendants. She has expressly and repeatedly stated in prior filings that her claims are not expanded and that she is **reserving her rights** to address the TRO violation in the appropriate action. This filing merely notifies the Court of that development.

---

[1] **Plaintiff fully understands the seriousness of a violation of a federal court-ordered injunction and the legal repercussions it carries for all parties involved.** That is precisely why I did not rush to reopen the TRO matter the moment I was presented with the proof of the January 2 sale date. Instead, I exercised great restraint and made every effort to resolve the issue privately and in good faith. On July 7, 2025, I reached out directly to Counsel Mr. Windham with concern expressly giving him the opportunity before risking exposure for himself and his clients- *See Exhibit 1.* Your Honor, I **prayed heavily** over this decision and was physically sick with worry. Plaintiff knows firsthand the harm these events have caused her and her family, and I do not wish similar harm on **anyone else**. My only intention was, and remains, to bring the truth forward in the proper forum, respectfully and without unnecessary escalation.

Plaintiff further notifies the Court that the morning after Alliant Credit Union, Cenlar FSB, and Alec Hayes acting as *De Facto Counsel* [2] was served with her Motion to Reopen the TRO Case—via FedEx delivered on July 29, 2025— Padgett's counsel sent Plaintiff an unsolicited letter attempting to unilaterally coordinate discovery and scheduling for *"All Defendants"* in this matter. This sudden outreach is striking given that Padgett had previously declined to participate in the Rule 26(f) conference. Even more significantly, Padgett Law Group was **not a named party** in the TRO Case (No. 1:23-cv-05959) but **was the law firm that conducted the foreclosure sale** on January 2, 2024—while a **federal injunction was in full effect**. Their role in executing the very sale that triggered the injunction violation gives their recent timing and positioning special relevance. [3]

Plaintiff respectfully reiterates: **the violation of the December 27, 2023 federal injunction will be addressed and fully adjudicated solely within the TRO Case**. This case (No. 1:25-cv-01034) remains distinct. Plaintiff has never sought to

---

[2] Hayes has functioned as **de facto counsel** in case 1:23-cv-5959 — emailing Plaintiff on behalf of Alliant and Cenlar, asserting legal positions, and influencing litigation strategy—**without ever entering a formal appearance.** This tactic appears designed to allow Hayes to act in a representative capacity **while shielding himself from judicial oversight, Rule 11 obligations, or personal liability.**

[3] Padgett's abrupt reengagement immediately following notice of the reopened TRO case reflects what may be a broader pattern of coordinated litigation tactics already observed in other filings. Plaintiff does not presently assert civil conspiracy or RICO-based claims in this action but preserves all rights to do so as evidence continues to develop.

merge, duplicate, or re-litigate the same issues here. However, Padgett's conduct—particularly its attempt to **isolate the injunction violation** while exerting sudden control over this litigation—appears to be a calculated effort to obscure liability and frustrate accountability. Plaintiff submits this notice to preserve judicial clarity and to preempt any mischaracterization of the factual or procedural landscape.

The parties' refusal to engage with Plaintiff in good faith, their attempts to distort the scope of her filings, and their continued efforts to mislead this Court through **gamesmanship** are not new. However, Plaintiff has chosen to respond through the lawful, proper channels and to preserve judicial resources by **compartmentalizing** the facts and legal questions. To that end, she respectfully requests that the two matters continue to remain separate, and the **violation of that TRO must be handled and fully adjudicated within that original case** where that order was issued.

Respectfully submitted this 30th day of July, 2025.

/s/ Paula Fisher

Paula Fisher

1275 US Hwy 1, Suite 2114

Vero Beach, FL 32960

Pro Se Plaintiff

5

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 30, 2025, I served a true and correct copy of the

foregoing PLAINTIFF'S NOTICE OF SEPARATE CASE ACTIVITY

INVOLVING PRIOR FEDERAL INJUNCTION  on all counsel of record listed

below via U.S. Mail, as I am not a CM/ECF registered user:

**Mark D. Windham**

Troutman Pepper Locke LLP

600 Peachtree Street NE, Suite 3000

Atlanta, GA 30308

**E. Blair Weatherly**

Brock & Scott, PLLC

4360 Chamblee Dunwoody Road, Suite 310

Atlanta, GA 30341

**Teresa E. Lazzara**

Hawkins Parnell & Young, LLP

303 Peachtree Street NE, Suite 4000

Atlanta, GA 30308

6

## **Exhibit List**

Exhibit 1 – July 7, 2025 email to Counsel Mr. Windham

**Exhibit 1 – July 7, 2025 email to Counsel Mr. Windham**

**Subject**   Meet and Confer Regarding Opposition Filing –
Fisher v. Alliant, et al.

**From**   paula fisher <paula10000@yahoo.com>

**To:**   Mark J. Windham
<mark.windham@troutman.com>

**Date**   Jul 7 at 3:08 PM

Good afternoon Mr. Windham,

I am writing to inform you that I filed my full Opposition today to
your client's Motion to Dismiss in the above-referenced federal
matter.

After months of factual misrepresentations and contradictory
positions—including those your client submitted to federal
regulators—I believe this Opposition now clearly lays out a
compelling and well-documented case that warrants full discovery.
Either your client has withheld material facts from you, or misled
this Court in violation of their obligations under Rule 11.

In the spirit of judicial efficiency and in good faith, I would like to
offer an opportunity to meet and confer regarding the current status
of this case and potential resolution. I believe this case is now far
beyond the motion to dismiss stage, and continuing litigation may
only increase exposure for all involved.

Please let me know your availability this week to discuss.

Best, Paula

Jul 7, Doc 16.pdf

**Paula Fisher**
1275 US Hwy 1, Suite 2114
Vero Beach, FL 32960
Phone: (760) 473-1645

**Date:** July 30, 2025

**Clerk of Court Room 2211**
United States District Court
Northern District of Georgia
Atlanta Division
75 Ted Turner Drive SW
Atlanta, GA 30303

RE: *Case No. 1:25-cv-01034 VMC  (Fisher v. Everett Financial, et al.)*

Dear Clerk,

Please find enclosed for filing in the above-referenced matter the following document:

- **Plaintiff's Notice of Separate Case Activity Involving Prior Federal Injunction**

Copies of this notice are being served on all defendants via U.S. Mail or electronic service.

Thank you for your assistance in filing this submission. Please do not hesitate to contact me should any additional information be needed.

Respectfully,

**/s/ Paula Fisher**
Paula Fisher
Plaintiff, Pro Se

1



UNITED STATES US
CLERK OF COURT
U.S. FEDERAL COURT
75 TED TURNER DRIVE, SW
RICHARD B. RUSSELL FEDERAL BUILDING
ROOM 2211
ATLANTA GA 30303
(000) 000-0000          REF:

**FedEx**
Express

**E**

TRK# 8832 2010 9142
0201

MON – 04 AUG 5:00P
** 2DAY **


SP QFEA

30303
GA-US   ATL

# Reusable Enve

# Recycle me.

Align bottom of peel-and-stick airbill or pouch here.