**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

FILED IN CLERK'S OFFICE
U.S.D.C. - Atlanta

AUG 28 2025

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

**PAULA FISHER,**
Plaintiff,

v.

**EVERETT FINANCIAL, INC. d/b/a SUPREME LENDING;**
**ALLIANT CREDIT UNION;**
**CENLAR FSB;**
**PADGETT LAW GROUP;**
**ALEC HAYES**, individually and in his capacity as attorney for Alliant Credit
Union and Cenlar FSB,

**JOHN DOE 1;**
**JOHN DOE 2;**
**JOHN DOE 3; and**
**JOHN DOE 4,**
Defendants.

**CIVIL ACTION NO.: 1:25-cv-01034-VMC-JEM**
**JURY TRIAL DEMANDED**

---

## SECOND AMENDED COMPLAINT
### Filed Pursuant to the Court's Orders (Dkt. 42, Dkt. 83)

Plaintiff, Paula Fisher ("Plaintiff") files this Second Amended Complaint pursuant

to the Court's Orders (Dkt. 42 and Dkt. 83). In compliance with those Orders,

Plaintiff repleads her claims with clarified subject-matter jurisdictional allegations,

specific identification of the citizenship of each party, and separate counts asserted

against each Defendant with the statutory basis for each claim expressly stated.

1

## I. INTRODUCTION

1. Plaintiff, Paula Fisher ("Plaintiff") brings this action against Defendants Alliant Credit Union ("Alliant"), Cenlar FSB ("Cenlar"), Padgett Law Group ("Padgett"), Supreme Lending (Everett Financial, Inc.) ("Supreme"), Alec Hayes ("Hayes"), and John Does 1–4 for violations of federal statutes, including the Real Estate Settlement Procedures Act ("RESPA") and the Fair Debt Collection Practices Act ("FDCPA"), as well as related state-law claims.

2. Defendants engaged in wrongful foreclosure practices, concealment of material information, and misrepresentations in connection with Plaintiff's mortgage loan, resulting in financial losses, damage to credit, housing instability, and severe harm to Plaintiff and her family.

## II. SUBJECT-MATTER JURISDICTION

3. This Court has subject-matter jurisdiction under 28 U.S.C. § 1331 because this action arises under federal law, including the Real Estate Settlement Procedures Act ("RESPA"), 12 U.S.C. § 2601 et seq.; its implementing

regulation, Regulation X, 12 C.F.R. §§ 1024.35–36; and the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

4. More specifically, Plaintiff asserts claims under 12 U.S.C. § 2605(e) of RESPA, which requires mortgage loan servicers to respond to borrower inquiries and requests for information, and which is enforceable through 12 U.S.C. § 2605(f), providing for actual and statutory damages.

5. Plaintiff also asserts claims under 12 C.F.R. §§ 1024.35–36 (Regulation X), which implement and enforce servicer obligations regarding borrower notices of error and requests for information.

6. Plaintiff further asserts claims under the FDCPA, 15 U.S.C. § 1692 et seq., which prohibits unfair debt collection practices and provides for statutory and actual damages.

7. This Court has supplemental jurisdiction under 28 U.S.C. § 1367 over Plaintiff's related state-law claims, including wrongful foreclosure, conversion, and breach of contract, because they arise from the same nucleus of operative facts as Plaintiff's federal claims.

8. The citizenship of the parties is set forth in Section IV below.

## III. VENUE

9.  Venue is proper in this District under 28 U.S.C. § 1391(b) because a substantial part of the events giving rise to Plaintiff's claims occurred in this District, and the property at issue is located in Fulton County, Georgia.

---

## IV. CITIZENSHIP OF THE PARTIES

10. To comply with the Court's order, citizenship of each party is pleaded:

- Plaintiff Paula Fisher is a natural person and a **citizen of Florida**.

- Alliant Credit Union maintains its **principal place of business in Illinois** and is alleged to be a **citizen of Illinois**.

- Cenlar FSB maintains its **principal offices in New Jersey** and is alleged to be a **citizen of New Jersey**.

- Padgett Law Group is a foreclosure and debt-collection company. **Padgett Law Group (Timothy D. Padgett, P.A.) is a Florida corporation** with its **principal place of business in Tallahassee, Florida (6267 Old Water Oak Rd., Ste 203, Tallahassee, FL 32312).** Padgett is therefore a **citizen of Florida**.

4

- Everett Financial, Inc. d/b/a Supreme Lending is a **Texas corporation** with its **principal place of business in Texas**, a citizen of Texas.

- Alec Hayes is a natural person and a **citizen of Georgia**.

- John Doe 1 and John Doe 2 are individuals employed by or acting on behalf of Alliant Credit Union who signed the Deed Under Power recorded in Fulton County. Their names appear on the recorded instrument, and Plaintiff already possesses internal documents reflecting irregularities in the foreclosure process. Plaintiff will amend this Complaint to substitute the true identities of these individuals once discovery confirms their authority and involvement, and will name them **individually and in their capacity as agents of Alliant Credit Union.**

- John Doe 3 is an individual employed by or acting on behalf of Supreme Lending who, prior to this litigation, participated in the concealment or alteration of key documents material to the foreclosure process. Plaintiff already possesses evidence of this conduct and will amend this Complaint to substitute the proper name once the individual's identity, authority, and role are confirmed through discovery, at which point the individual will be

5

named **individually and in their capacity as an agent** of Supreme Lending.

11. John Doe 4 is an individual employed by or acting on behalf of Padgett Law Group who participated in misrepresenting foreclosure status and in preparing or recording the Deed Under Power. Plaintiff is already in possession of documents reflecting these inconsistencies and will amend this Complaint to substitute the true name once the scope of this individual's identity, role, and authorization is confirmed through discovery, at which point the individual will be named **individually and in their capacity as an agent** of Padgett Law Group.

Plaintiff will amend this Complaint to substitute the true names of the John Doe Defendants once the evidence already in her possession is confirmed through discovery.

## V. FACTUAL ALLEGATIONS

12. Plaintiff's real property was located in **Fulton County, Georgia**, and was encumbered by a mortgage loan.

13. **Cenlar** serviced the loan.

6

## Foreclosure Characterization

14. **Alliant** told regulators the foreclosure was **judicial** and handled through the courts.

15. A **Deed Under Power** was prepared through **Padgett** and recorded in Fulton County, used only in **nonjudicial foreclosures.**

16. No Georgia judgment of foreclosure exists.

## Sale Dates

17. **Alliant's bid sheet** shows a foreclosure sale on **January 2, 2024**.

18. On **May 8, 2024**, **Padgett** said a foreclosure sale occurred on **May 7, 2024**.

19. On **May 9, 2024**, **Padgett** admitted the file was "**flagged for litigation.**"

20. **Cenlar** separately confirmed the foreclosure sale was **canceled**.

## Requests to Padgett Law Group

21. Between February 2024 and April 2024, Plaintiff sent multiple written requests to Padgett Law Group seeking reinstatement figures, payoff information, and clarification of foreclosure status.

22. Padgett Law Group identifies itself as a foreclosure and debt-collection law practice, and by its own representations is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

7

23. Despite receiving these requests, Padgett failed to provide accurate and consistent responses, instead issuing contradictory statements regarding the foreclosure.

## Payoff and Surplus

24. On **May 2, 2024**, **Supreme** received a **wire payoff of $807,552**.

25. The payoff balance was **$627,552**, leaving a **surplus of $180,000**.

26. **Supreme** promised in writing to **return the surplus** within 30 days.

27. The surplus was **never returned**.

28. Instead, the **$180,000 surplus** was transferred to **Alliant** without authorization.

## Tax Reporting

29. In 2024, **Cenlar** issued a **1099-A** using its EIN and listing itself as "lender," though the Deed Under Power reflected **Alliant**.

30. The **$180,000** matched the surplus described above.

## Reinstatement / Federal Government Homeowners Assistance Fund "HAF"

31. Plaintiff requested reinstatement and redemption figures from **Alliant, Padgett, and Cenlar**.

32. **Cenlar** stated reinstatement was **not permitted**, contrary to loan documents.

8

33. Defendants offered HAF paperwork but **refused to accept funds**.

## Eviction

34. Plaintiff offered to surrender voluntarily to avoid an eviction record. Padgett nevertheless pursued eviction, causing Plaintiff lasting credit and housing harm.

## Attorney Communication

35. **Hayes** told Plaintiff foreclosure was proceeding despite **Cenlar's cancellation** notice.

## Qualified Written Request

36. Between October 2023 and February 2025 , Plaintiff sent multiple Qualified Written Requests ("QWRs") to Cenlar, including a written request delivered by FedEx, seeking reinstatement figures, payoff information, loss mitigation and clarification of foreclosure status. Cenlar failed to timely and adequately respond to multiple requests as required by 12 U.S.C. § 2605(e).

37. On Feb. 20, 2025, Plaintiff sent **Cenlar a QWR** under 12 U.S.C. § 2605(e) and 12 C.F.R. §§ 1024.35–36.

38. **Cenlar** failed to acknowledge within **five days**.

39. **Cenlar** failed to provide a substantive response within **thirty days**.

9

## Doe Defendants

40. The Deed Under Power recorded in Fulton County bears the signatures of two individuals acting on behalf of Alliant Credit Union, pleaded as **John Doe 1** and **John Doe 2**. Their names appear on the face of the recorded instrument, and Plaintiff is already in possession of internal documents, including internal communications concerning the timing and authorization of the foreclosure process. The precise scope of these individuals' authority, and whether directions were properly given or followed, will be confirmed through discovery, at which point Plaintiff will amend this Complaint to substitute their identities and assert additional claims if warranted.

41. Prior to this litigation, an individual acting on behalf of Supreme Lending (pleaded as **John Doe 3**) participated in the concealment, alteration and circulation of key documents material to the foreclosure and payoff process. Plaintiff is already in possession of internal documents and communications reflecting such concealment, and discovery will confirm who gave the directions and the scope of this individual's authority and involvement.

42. An individual acting on behalf of Padgett Law Group (pleaded as **John Doe 4**) participated in misrepresenting foreclosure status, including asserting a May 7, 2024 sale, and in preparing or recording the Deed Under Power.

10

Plaintiff is already in possession of internal documents reflecting inconsistencies in the foreclosure process, and discovery will confirm who authorized these representations and this individual's role in carrying them out.

## Damages

43. Plaintiff suffered substantial damages as a direct and proximate result of Defendants' actions. These damages include, but are not limited to:

– the loss of the $180,000 surplus that Supreme Lending wrongfully retained and diverted;

– additional losses reflected in Defendants' own reporting inconsistencies, including Cenlar's Form 1099-A reflecting $1,250,000 and Supreme's IRS reporting reflecting $1,450,000, contrasted with the contemporaneous $1,700,000 appraisal;

– wrongful pursuit of eviction proceedings by Padgett and Alliant despite Plaintiff's voluntary surrender of possession of the home, undertaken solely to create a negative eviction record that has prevented Plaintiff from renting or purchasing a home and caused lasting housing instability;

– out-of-pocket expenses and the costs of responding to Defendants' contradictory and misleading foreclosure communications; and

11

– damages for emotional distress and harm to the mental well-being of Plaintiff and her family, including her minor child, arising from over a year of housing instability caused by Defendants' actions. Plaintiff's daughter has suffered severe emotional and mental health impacts as a result of the loss of stable housing and the uncertainty created by Defendants' conduct.

## VI. CLAIMS FOR RELIEF

**Count I – Violation of RESPA, 12 U.S.C. § 2605(e), and Regulation X, 12 C.F.R. §§ 1024.35–36; Remedies under § 2605(f) (Against Cenlar FSB)**

Supported by ¶¶ 31–33, 36–39.

**Count II – Violation of FDCPA, 15 U.S.C. §§ 1692e, 1692f (Against Padgett Law Group)**

Supported by ¶¶ 18–19, 21–23, 34–35.

**Count III – Violation of FDCPA, 15 U.S.C. § 1692e(2)(A), § 1692f (Against Cenlar FSB)**

Supported by ¶¶ 20, 29, 31–33, 36–39.

**Count IV – Violation of FDCPA, 15 U.S.C. § 1692e (Against Alec Hayes)**

Supported by ¶¶ 19, 34–35.

**Count V – Wrongful Foreclosure under Georgia Common Law (Against**

**Alliant Credit Union)**

Supported by ¶¶ 14–20, 34–35.

**Count VI – Wrongful Foreclosure under Georgia Common Law (Against**

**Padgett Law Group)**

Supported by ¶¶ 15, 18–19, 34.

**Count VII – Conversion under Georgia Common Law (Against Supreme**

**Lending)**

Supported by ¶¶ 24–28.

**Count VIII – Conversion under Georgia Common Law (Against Alliant**

**Credit Union)**

Supported by ¶¶ 25, 27–28.

## Count IX – Breach of Contract and Breach of Implied Covenant of Good Faith and Fair Dealing under Georgia Common Law (Against Alliant Credit Union)

Supported by ¶¶ 28, 31–33.

## Count X – Breach of Contract and Breach of Implied Covenant of Good Faith and Fair Dealing under Georgia Common Law (Against Cenlar FSB)

Supported by ¶¶ 31–33.

## Count XI – Declaratory Judgment under 28 U.S.C. § 2201 and Alternative Quiet Title under Georgia Law (Against Alliant Credit Union)

Supported by ¶¶ 14–20, 42.

## Count XII – Declaratory Judgment under 28 U.S.C. § 2201 and Alternative Quiet Title under Georgia Law (Against Padgett Law Group)

Supported by ¶¶ 15, 18–19, 42.

## Count XIII – Declaratory Judgment under 28 U.S.C. § 2201 and Alternative Quiet Title under Georgia Law (Against Cenlar FSB)

Supported by ¶¶ 13, 20, 31–33, 36–39.

## Count XIV – Declaratory Judgment under 28 U.S.C. § 2201 and Alternative Quiet Title under Georgia Law (Against Supreme Lending)

Supported by ¶¶ 24–28, 41.

## Count XV – Tortious Interference with Contractual Rights under Georgia Common Law (Against Padgett Law Group)

Supported by ¶¶ 18–19, 21–23, 34, 42.

## Count XVI – Tortious Interference with Contractual Rights under Georgia Common Law (Against Supreme Lending)

Supported by ¶¶ 24–28, 41.

**Count XVII – Wrongful Foreclosure under Georgia Common Law (Against John Doe 1, individually and as an agent of Alliant)**

Supported by ¶¶ 14–20, 40.

**Count XVIII – Wrongful Foreclosure under Georgia Common Law (Against John Doe 2, individually and as an agent of Alliant)**

Supported by ¶¶ 14–20, 40.

**Count XIX – Fraudulent Concealment under Georgia Common Law (Against John Doe 3, individually and as an agent of Supreme Lending)**

Supported by ¶¶ 24–28, 41.

**Count XX – Wrongful Foreclosure under Georgia Common Law (Against John Doe 4, individually and as an agent of Padgett Law Group)**

Supported by ¶¶ 15, 18–19, 42.

## Count XXI – Misrepresentation under Georgia Common Law

### (Against John Doe 4, individually and as an agent of Padgett Law Group)

Supported by ¶¶ 15, 18–19, 42.

## Count XXII – Wrongful Recording of Deed under Georgia Common Law

### (Against John Doe 4, individually and as an agent of Padgett Law Group)

Supported by ¶¶ 15, 18–19, 42.

## Count XXIII – Violation of FDCPA, 15 U.S.C. §§ 1692e, 1692f

### (Against John Doe 4, individually and as an agent of Padgett Law Group)

Supported by ¶¶ 18–19, 34, 42.

## VII. PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that the Court enter judgment in her favor and grant the following relief:

**A. On Count I (RESPA / Regulation X):** actual damages; statutory damages for any pattern or practice of noncompliance; together with costs and reasonable

17

attorney's fees as authorized by **12 U.S.C. § 2605(f)**, in an amount to be determined at trial;

**B. On Counts II–IV and XXIII (FDCPA):** actual damages; statutory damages; costs and reasonable attorney's fees as authorized by **15 U.S.C. § 1692k**, in an amount to be determined at trial;

**C. On Counts V–VI (Wrongful Foreclosure – Georgia Common Law):** compensatory damages, including consequential and emotional-distress damages, and **punitive damages** as permitted by Georgia law, in an amount to be determined at trial;

**D. On Counts VII–VIII (Conversion – Georgia Common Law):** restitution of at least $180,000, constructive trust, **accounting of funds**, compensatory damages, and **punitive damages** as permitted by Georgia law, all in an amount to be determined at trial;

**E. On Counts IX–X (Breach of Contract / Implied Covenant – Georgia Common Law):** compensatory damages for breach of the loan and security-deed obligations; equitable relief restoring contractual rights; and attorney's fees and expenses of litigation under O.C.G.A. § 13-6-11;

**F. On Counts XI–XIV (Declaratory Judgment / Quiet Title):** a declaration that no valid foreclosure occurred consistent with Georgia law; that any Deed Under Power recorded by or on behalf of each named defendant is void or voidable; and orders directing the correction of Fulton County property records and removal of any cloud on Plaintiff's title;

**G. On Counts XV–XVI (Tortious Interference – Georgia Common Law):** compensatory damages and **punitive damages** as permitted by Georgia law, in an amount to be determined at trial;

**H. On Counts XVII–XXIII (John Doe Defendants):** compensatory damages, **punitive damages**, restitution, and equitable relief consistent with Georgia law (and, for the FDCPA claim against John Doe 4, remedies under 15 U.S.C. § 1692k), together with attorney's fees and expenses under O.C.G.A. § 13-6-11 where applicable;

**I. Punitive damages** in an amount sufficient to punish Defendants and deter similar misconduct, as permitted by Georgia law, in an amount to be determined at trial;

**J. Pre- and post-judgment interest** as allowed by law, including 28 U.S.C. § 1961 for post-judgment interest;

19

**K. Targeted equitable relief:** orders directing defendants to take all reasonable steps to **correct or withdraw any wrongful deed filings and any eviction filing or record** arising from the conduct alleged herein, and to refrain from further collection or foreclosure actions inconsistent with the Court's declarations, to the extent permitted by law;

**L.** Such other and further relief as the Court deems just and proper.

---

## VIII. JURY DEMAND

Plaintiff demands trial by jury on all issues so triable.

---

**Dated August 28, 2025**

Respectfully submitted,

/s/ Paula Fisher

**Paula Fisher**

1275 US Highway 1, Suite 2114

Vero Beach, FL 32960

Pro Se Plaintiff

20

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 28, 2025, I served a true and correct copy of

the foregoing Second Amended Complaint on all counsel of record listed below via

U.S. Mail, as I am not a CM/ECF registered user:

**Mark D. Windham**

Troutman Pepper Locke LLP

600 Peachtree Street NE, Suite 3000

Atlanta, GA 30308

**E. Blair Weatherly**

Brock & Scott, PLLC

4360 Chamblee Dunwoody Road, Suite 310

Atlanta, GA 30341

**Teresa E. Lazzara**

Hawkins Parnell & Young, LLP

303 Peachtree Street NE, Suite 4000

Atlanta, GA 30308

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on August 28, 2025, I served a true and correct copy of

the foregoing Second Amended Complaint on all counsel of record listed below via

U.S. Mail, as I am not a CM/ECF registered user:

**Mark D. Windham**

Troutman Pepper Locke LLP

600 Peachtree Street NE, Suite 3000

Atlanta, GA 30308

**E. Blair Weatherly**