**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | |
|---|---|
| PAULA FISHER, <br>          *Plaintiff,* <br><br> v. <br><br> EVERETT FINANCIAL, INC d/b/a SUPREME LENDING; ALLIANT CREDIT UNION; CENLAR FSB; PADGETT LAW GROUP; ALEC HAYES, individually and in his capacity as attorney for Alliant Credit Union and Cenlar FSB, <br><br>          *Defendants.* | Civil Action No. 1:25-cv-1034 <br><br><br> Opposition to Plaintiff's Objections to Magistrate Judge's Report and Recommendation |

**DEFENDANTS' ALLIANT CREDIT UNION, CENLAR FSB, AND ALEC HAYES RESPONSE IN OPPOSITION TO PLAINTIFF'S OBJECTIONS TO THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION**

Defendants Alliant Credit Union (**Alliant**), Cenlar FSB (**Cenlar**), and Alec Hayes (**Hayes**) (collectively, **Defendants**), submit this Response in Opposition to Plaintiff's Objections [Dkt. 98] to the Magistrate Judge's Final Report and Recommendation to dismiss the second amended complaint (the **R&R**) [Dkt. 96] and respectfully request that this Court overrule Plaintiff's objections and adopt the R&R in full.

## I.    Introduction

The R&R exhaustively reviewed Plaintiff's second amended complaint [Dkt. 85] and correctly (i) concluded that none of Plaintiff's federal claims state a cause

328067536v1

of action against the Defendants and should be dismissed with prejudice; and (ii) declined to exercise supplemental jurisdiction over Plaintiff's state-law claims, which should be dismissed without prejudice. [Dkt. 96] at pp. 1, 35.

Specifically, the R&R correctly found that Count 1 (violation of RESPA; 12 U.S.C. § 2605(e) and 12 C.F.R. 1024.35-36 – against Cenlar) failed to state a claim because Plaintiff does not plausibly allege actual damages proximately caused by any alleged RESPA violation, nor a pattern of noncompliance (R&R at pp. 28-31), and Count 3 (violation of FDCPA; 15 U.S.C. § 1692e(2)(A) and § 1692f – against Cenlar) failed because Cenlar is not a "debt collector" under the FDCPA, Plaintiff does not plausibly allege a qualifying "debt" under the FDCPA, nor does the complaint sufficiently allege conduct prohibited by sections 1692e or f (R&R at pp. 19-25).

## II.    <u>Standard of Review</u>

To challenge a magistrate judge's report and recommendation, a party must file written objections that "specifically identify the portions of the proposed findings and recommendation to which objection is made and the specific basis of the objection." *Heath v. Jones*, 863 F.2d 815, 822 (11th Cir. 1989). If timely and proper objections are filed, the district court "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C).

328067536v1

For an objection to be considered, "[i]t is critical that the objection be sufficiently specific and not a general objection to the report." *Macort v. Prem, Inc.*, 208 F. App'x 781, 784 (11th Cir. 2006). "Frivolous, conclusive, or general objections need not be considered by the district court." *Marsden v. Moore*, 847 F.2d 1536, 1548 (11th Cir. 1988). Failing to object to a report and recommendation with specificity and precision is grounds for overruling an objection. *See United States v. Shultz*, 565 F.3d 1353, 1361 (11th Cir. 2009).

## III.   Argument and Authority

### a. Plaintiff's Objections Do Not Undermine the R&R's RESPA Analysis as to Cenlar (Count I).

The R&R correctly sets out the elements required to state a claim pursuant to RESPA section 2605(e): "(1) the defendant is a loan servicer; (2) the plaintiff sent a valid QWR; (3) the defendant failed to respond within the required time period; and (4) the plaintiff is entitled to damages. R&R at p. 28 (citing *Brown v. Bank of New York Mellon*, No. 1:13-cv-00214, 2013 WL 12383164, at *3 (N.D. Ga. Aug. 13, 2013), *report and recommendation adopted*, 2013 WL 12383165 (N.D. Ga. Nov. 15, 2013)). The R&R further states that "[a] plaintiff who wishes to bring a § 2605(e) claim must show either actual damages or that the defendant has a 'pattern or practice' of violating § 2605(e), which justifies an award of statutory damages." R&R at p. 29 (citing *Brown*, 2013 WL 12383164, at *3). Moreover, a plaintiff "must also allege a causal link between the claimed damages and the defendant's alleged

328067536v1

RESPA violation." *Id.* (citing *Odum v. Specialized Loan Servicing*, No. 1:15-cv-1949, 2016 WL 4595940 (N.D. Ga. Aug. 1, 2016)).

Even construing the second amended complaint liberally, the R&R finds that Count I's damages allegations are conclusory and disconnected from any plausible RESPA violation. R&R p. 30. Plaintiff simply recites in conclusory fashion that she is entitled to actual damages, statutory damages, and costs and fees under section 2605(f), but does not identify any concrete injury proximately caused by Cenlar's alleged failure to acknowledge or respond to any valid QWR. *Id.* (citing [Dkt. 85] ¶¶ 36–39). Nor does Plaintiff plead facts showing Cenlar's alleged RESPA violations, as opposed to her default and the foreclosure process itself, caused any foreclosure-related harm or other compensable injury. R&R pp. 30-31. Accordingly, the R&R properly concluded that Plaintiff has not plausibly alleged actual damages or causation and has not alleged a pattern or practice of noncompliance, an analysis that faithfully applies the pleading standards under *Twombly* and *Iqbal*.

In Objections 1 and 2, Plaintiff largely re-argues that Cenlar allegedly failed to timely acknowledge or respond to her QWR(s) and asserts in general terms that this "impaired her ability" to understand loan status, pursue loss mitigation, and protect her property and credit. [Dkt. 98] at 3-6. However, these assertions are not

-4-

actually pled as specific factual allegations in the second amended complaint[1] and still do not identify any concrete, non-speculative damages traceable to Cenlar's alleged RESPA violations. Plaintiff also contends that the R&R "demands too much" at the motion to dismiss stage and that questions of damages and causation should be reserved for summary judgment. [Dkt. 95] at p. 5-6. This argument also fails. The R&R does not require proof, it merely insists on plausible factual allegations of what specific injuries Plaintiff suffered and how Cenlar's alleged conduct caused them, which is precisely what Rule 8 requires. Because Count I, as pled, fails to allege RESPA damages and causation, Plaintiff's objections do not show any error in the R&R's analysis that Count I should be dismissed with prejudice as to Cenlar.

> **b. The R&R Correctly Finds that Plaintiff's FDCPA Claim Against Cenlar Fals and Plaintiff Does not Meaningfully Challenge that Conclusion (Count III).**

With respect to Count III, the R&R identifies multiple independent reasons why the second amended complaint fails to state a cause of action against Cenlar for any alleged violation of the FDCPA. First, Cenlar is not a "debt collector" as defined by the statute. The R&R explains that the Cenlar is alleged to be the loan servicer of

---

[1] Plaintiff is not permitted to amend her complaint through argument(s) within her objection to the R&R. *Gilmour v. Gates, McDonald & Co.*, 382 F.3d 1312, 1315 (11th Cir. 2004).

the Alliant mortgage and thus a creditor or loan servicer acting on its own account, not a third-party "debt collector" whose "principle purpose" is debt collection or who "regularly collects" debts owed to another within the meaning of 15 U.S.C. § 1692(a)(6). R&R at pp. 19-20. Plaintiff's second amended complaint contains no non-conclusory allegations that bring Cenlar within the FDCPA's narrow "debt collector" definition, and the Magistrate's findings should not be disturbed. Second, Plaintiff does not plausibly allege a qualifying "debt." The FDCPA applies only to obligations arising from transactions "primarily for personal, family, or household purposes." 15 U.S.C. § 1692(a)(5). The R&R notes that the second amended complaint alleges only that the Fulton County property is subject to a mortgage loan, that Plaintiff resides in Florida, and that Cenlar services the loan. R&R at pp. 21-22; [Dkt. 85] ¶¶ 10, 12-13. Plaintiff does not allege that the property was Plaintiff's primary residence or that the loan proceeds were used for personal or household purposes. Thus, Plaintiff fails to make the threshold showing that the obligation at issue is a "debt" under the FDCPA and Count III should be dismissed. Lastly, the second amended complaint is completely devoid of any actionable FDCPA conduct. As the R&R explains in its broader FDCPA analysis, Plaintiff's narrative, which is centered on foreclosure activity, communications about sale dates, and status of the loan, does not plausibly allege that Cenlar used "false, deceptive, or misleading" representations or engaged in "unfair or unconscionable" collection practices under

-6-

§§ 1692e or 1692f. R&R at pp. 20-25. Thus, the Magistrate's analysis with respect to Plaintiff's FDCPA is sound and should not be disturbed.

In her objections, Plaintiff does not squarely challenge the R&R's FDCPA analysis as to Cenlar. Plaintiff's briefing focuses on Count I (RESPA against Cenlar) and Count II (FDCPA against Padgett Law Group. [Dkt. 98] at pp. 1-2, 10-11. Plaintiff does not attempt to argue that Cenlar qualifies as a "debt collector" or that Count III plausibly alleges consumer "debt" or actionable collection misconduct. Under the applicable standard of review, issues not specifically objected to are waived. *See Schultz*, 565 F.3d at 1361; *Macort*, 208 F. App'x at 784. Therefore, the Court may adopt the R&R's dismissal of Count III against Cenlar without further analysis.

### c. Plaintiff Withdrew her Claim Against Hayes and the R&R's Analysis with Respect to Hayes Should be Adopted (Count IV).

The R&R also addresses Count IV (violation of the FDCPA against Hayes) and correctly concludes that it fails for the same threshold reasons discussed in section III. B., *supra*. *See* R&R at pp. 19-20, 25-27. Within her objections, Plaintiff states that she "voluntarily withdraws the claims previously asserted against Alec Hayes and voluntarily withdraws the claims previously asserted against the John Doe defendants (Counts 4, 17, and 18)." [Dkt. 98] at pp. 1-2, 12. Plaintiff offers no substantive objection to the R&R's analysis of Count IV. Given both the R&R's reasoning and Plaintiff's explicit withdrawal, this Court should adopt the

328067536v1

recommendation to dismiss Count IV against Hayes with prejudice and terminate Hayes as a party to this action.

### d. The R&R Correctly Declined Supplemental Jurisdiction over Plaintiff's State-Law Claims.

Once the federal claims are dismissed, the only remaining claims against Alliant and Cenlar are state law causes of action. As to Alliant, the R&R identifies Counts V (wrongful foreclosure), VII (conversion), IX (breach of contract/breach of the implied covenant of good faith and fair dealing), and XI (declaratory judgment or alternatively, quiet title) as state law claims. R&R at pp. 5-6. As to Cenlar, the R&R identifies Counts X (breach of contract/breach of the implied covenant of good faith and fair dealing) and XIII (declaratory judgment or alternatively, quiet title) as purely state law claims. *Id.*

The R&R correctly notes that Plaintiff has not established diversity jurisdiction and the Court's original jurisdiction rests solely on the now-dismissed federal claims. R&R at pp. 4-5, 31-33. Under 28 U.S.C. § 1367(c)(3), when a district court "has dismissed all claims over which it has original jurisdiction," it may decline to exercise supplemental jurisdiction over remaining state-law claims. *See United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1966) ("Certainly, if the federal claims are dismissed before trial . . . the state law claims should be dismissed as well"); *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988) ("in the usual case in which all federal-law claims are eliminated before trial, the balance of factors

-8-

328067536v1

. . . will point toward declining to exercise jurisdiction over the remaining state-law claims"). Indeed, the Eleventh Circuit has "encouraged district courts to dismiss any remaining state law claims when . . . the federal claims have been dismissed prior to trial." *Raney v. Allstate Ins. Co.*, 370 F.3d 1086, 1089 (11th Cir. 2004).

Pursuant to this authority, the R&R properly concludes that once Counts 1-4 and 23 are dismissed, the Court should decline supplemental jurisdiction over the remaining state-law claims and dismiss them without prejudice so they may be pursued, if at all, in the Georgia state court system. R&R at pp. 31-33. Plaintiff's objections do not dispute this legal framework. The objections simply assert that if Count I survives or is repleaded, then federal question and supplemental jurisdiction should continue. [Dkt. 98] at pp. 11-12. As fully discussed above, the Magistrate properly concluded that Plaintiff's federal causes of action should be dismissed with prejudice and once that occurs, there will be no basis for retaining the state-law claims against Alliant or Cenlar in this Court. Accordingly, this Court should adopt the R&R to decline supplemental jurisdiction and dismiss the state-law claims against Alliant and Cenlar without prejudice.

### e. The R&R Properly Denied Further Leave to Amend.

The R&R also correctly concludes that further amendment to the complaint would be futile and unwarranted. R&R at pp. 2-4, 34. Plaintiff's original complaint and first amended complaint were struck as improper shotgun pleadings, and this

-9-

328067536v1

Court expressly gave her "**<u>ONE</u>** additional opportunity to amend her complaint." [Dkt. 83] at p. 2 (emphasis in original). The R&R notes that despite the Court's clear guidance and multiple opportunities, Plaintiff still fails to state any viable federal claim against Cenlar or Hayes. R&R at p. 34. The defects identified by the R&R (lack of RESPA damages and causation, failure to plead a consumer "debt," and failure to allege that Cenlar or Hayes are "debt collectors" under the FDCPA) are substantive, not technical. Plaintiff's suggestion that she could now cure these issues with new factual allegations only underscores her attempt to reframe her claims after the fact, through argument, and contrary to the procedural posture and prior warnings by this Court. Under these circumstances, the R&R's recommendation that the federal claims be dismissed with prejudice and that further leave to amend be denied is well within this Court's discretion and consistent with Eleventh Circuit precedent. Plaintiff's related objections should be overruled.

## IV.    <u>Conclusion</u>

For the foregoing reasons, Defendants respectfully request that this Court (i) overrule Plaintiff's objections [Dkt. 98] as they pertain to Cenlar, Alliant, and Hayes; (ii) adopt the Magistrate Judge's Final Report and Recommendation [Dkt. 96] in full; (iii) grant the Defendants' motion to dismiss the second amended complaint [Dkt. 87]; (iv) dismiss without prejudice Plaintiff's state-law claims against Alliant and Cenlar (Counts V, VIII, IX, X, XI, and XIII) pursuant to 28 U.S.C. § 1367(c)(3);

328067536v1

and (v) grant such further relief this Court deems just and proper.

Respectfully submitted, this 24th day of April 2026.

By: */s/ Mark J. Windham*
Mark J. Windham
Georgia Bar No. 113194
TROUTMAN PEPPER LOCKE LLP
600 Peachtree Street NE, Suite 3000
Atlanta, GA 30308
Telephone: 404.885.3316
Facsimile: 404.885.3900
Email: mark.windham@troutman.com
*Counsel for Defendants*

## CERTIFICATE OF SERVICE AND LOCAL RULE 7.1 COMPLIANCE

I certify that on April 24, 2026, a true and correct copy of the foregoing using the Court's cm/ECF e-filing portal, which will provide automatic service of the same to all parties and counsel of record maintained by the Court in this case, and that on the same day a true and correct copy of this document was mailed to Plaintiff Paula Fisher at 8805 Tamiami Trail North #260, Naples, Florida 34108.

I further certify that the foregoing pleading with the Clerk of Court has been prepared in 14-point Times New Roman font in accordance with local Rule 5.1(C).

By: */s/ Mark J. Windham*
Mark J. Windham

328067536v1